No. 22-1216

───────────────────

**In the**
# United States Court of Appeals
### For the Fourth Circuit

───────────────────

Roee Kiviti and Adiel Kiviti,

Appellants,

v.

Naveen Bhatt,

Appellee.

─────────────────────────────

On Appeal from the United States District Court
for the Eastern District of Virginia,
Alexandria Division Case No. 1:21-cv-00909-AJT-JFA

───────────────────

Plaintiffs-Appellants
Petition for Rehearing *En Banc*

───────────────────

Maurice VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for Roee and Adiel Kiviti*

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

## DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __22-1217__      Caption: __Kiviti, et al. v. Bhatt__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Roee Kiviti and Adiel Kiviti__
(name of party/amicus)

who is _____Appellants_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.   Is party/amicus a publicly held corporation or other publicly held entity?   ☐YES ☑NO

2.   Does party/amicus have any parent corporations?                          ☐YES ☑NO
     If yes, identify all parent corporations, including all generations of parent corporations:

3.   Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                       ☐YES ☑NO
     If yes, identify all such owners:

i

4.   Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?   ☐YES ☑NO
     If yes, identify entity and nature of interest:

5.   Is party a trade association? (amici curiae do not complete this question)   ☐YES ☑NO
     If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.   Does this case arise out of a bankruptcy proceeding?   ☑YES ☐NO
     If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

     There is no creditors' committee in this case. Naveen Bhatt, the appellee herein, is the sole debtor. No debtor is a corporation.

7.   Is this a criminal case in which there was an organizational victim?   ☐YES ☑NO
     If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Maurice B. VerStandig          Date:  September 19, 2023

Counsel for: Roee Kiviti and Adiel Kiviti

ii

# **Table of Contents**

I.    Corporate Disclosure Statement .......................................i

II.   Table of Contents...........................................................iii

III.  Table of Authorities.......................................................iv

IV.  Rule 35(b)(1) Statement ...............................................1

V.    Background...................................................................4

VI.  Argument: *En Banc* Review is Appropriate to Address a Substantive Conflict with Supreme Court Precedent and a Jurisdictional Issue of Exceptional Importance .........................6

     a.  Permitting Bankruptcy Courts to Entertain Moot Cases Substantively Conflicts with Supreme Court Precedent Concerning Article III Supervisory Authority and is Contra to the Holdings of Other Circuit Courts ...........................6

     b.  Permitting Bankruptcy Courts to Hear Matters that Cannot be Withdrawn by District Courts Conflicts with Supreme Court Precedent, the Holdings of Other Circuit Courts, and Title 28 of the United States Code .......................................11

VII.  Conclusion....................................................................16

VIII. Certificate of Compliance ...........................................19

IX.  Certificate of Service ...................................................20

# Table of Authorities

**Cases**

*Affinity Living Group, LLC v. StarStone Specialty Ins. Co.*,
  959 F.3d 634 (4th Cir. 2020) ........................................................5, 6

*Aguirre v. S.S. Sohio Intrepid*,
  801 F.2d 1185 (9th Cir. 1986) ......................................................... 10

*Already, LLC v. Nike, Inc.*,
  568 U.S. 85 (2013) ......................................................................8, 13

*Alvarez v. Smith*,
  558 U.S. 87 (2009) ............................................................................ 8

*Ashker v. Newsom*,
  968 F.3d 975 (9th Cir. 2020) .......................................................... 13

*Barton v. Barbour*,
  104 U.S. 126 (1881) ........................................................................ 15

*Com. of Va. ex rel. Coleman v. Califano*,
  631 F.2d 324 (4th Cir. 1980) ............................................................ 8

*DeFunis v. Odegaard*,
  416 U.S. 312 (1974) .......................................................................... 8

*Eden, LLC v. Justice*,
  36 F.4th 166 (4th Cir. 2022) ............................................................. 9

*Grutzmacher v. Howard Cnty.*,
  851 F.3d 332 (4th Cir. 2017) ............................................................ 8

*In re China Peacock Rest.*,
  867 F.2d 612 (9th Cir. 1989) ......................................................2, 10

*In re Rosenfeld*,
  698 Fed. Appx. 300 (6th Cir. 2017) ..............................................2, 9

iv

*In re Williams,*
    226 Fed. Appx. 384 (5th Cir. 2007)............................................3, 10

*Kalil v. Utica City Sch. Dist.,*
    301 Fed. Appx. 29 (2d Cir. 2008) ...............................................3, 10

*Kiviti v. Bhatt,*
    — F.4th ——, 2023 WL 5963612 (4th Cir. 2023)............................6

*Lindquist v. Idaho State Bd. of Corrections,*
    776 F.2d 851 (9th Cir. 1985) ........................................................10

*Matter of Perkins,*
    902 F.2d 1254 (7th Cir. 1990) .....................................................2, 9

*McCorvey v. Hill,*
    385 F.3d 846 (5th Cir. 2004) ........................................................10

*McDaniel v. Blust,*
    668 F.3d 153 (4th Cir. 2012) ........................................................15

*Murphy v. Hunt,*
    455 U.S. 478 (1982) ........................................................................8

*N. Pipeline Const. Co. v. Marathon Pipe Line Co.,*
    458 U.S. 50 (1982) ........................................................................16

*North Carolina v. Rice,*
    404 U.S. 244 (1971) ........................................................................8

*Peretz v. United States,*
    501 U.S. 923 (1991) ...................................................................4, 12

*S.C. Coastal Conservation League v. U.S. Army Corps of Engineers,*
    789 F.3d 475 (4th Cir. 2015) ..........................................................9

*Stern v. Marshall,*
    564 U.S. 462 (2011) ......................................................................16

*Stevenson v. J.C. Bradford & Co. (In re Cannon),*
    277 F.3d 838 (6th Cir. 2002) ......................................................... 10

*Wellness Int'l Network, Ltd. v. Sharif,*
    575 U.S. 665 (2015) ................................................................ *passim*

**Constitutional Provisions**
U.S. Const., Art. I, § 8 ................................................................. 16

U.S. Const., Art. III, § 2 ............................................................. 7, 9

**Statutes**
28 U.S.C. § 151 ....................................................................... 3, 4, 12

28 U.S.C. § 152 ........................................................................... 4, 12

28 U.S.C. § 157 ..................................................................... 4, 12, 14

28 U.S.C. § 1334 ......................................................................... 4, 12

**Rules**
Federal Rule of Appellate Procedure 35 ............................................. 1, 16

**Other Authorities**
American Bankruptcy Institute, *Fourth Circuit: Bankruptcy Courts Aren't Bound by Article III's Case or Controversy Requirements,* Rochelle's Daily Wire (Sep. 19, 2023) ...................................................... 15

## IV.    Rule 35(b)(1) Statement

Bankruptcy judges each serve as a unit of their correlative district court, hearing cases referred by Article III judges, issuing final orders and judgments in certain cases, and issuing reports and recommendations in other cases. A panel has ruled – in what appears to be an unprecedented holding nationwide – that bankruptcy judges may hear moot matters, unmoored to a case or controversy, because the prohibition on mootness is an Article III doctrine and bankruptcy judges are not Article III judges. This holding conflicts with precedent of the Supreme Court and other courts of appeal while raising a jurisdictional issue of exceptional importance; the full Court should review the opinion *en banc* for at least two reasons:

*First*, the panel's opinion runs substantively contra to the Supreme Court's holding that "…allowing Article I adjudicators to decide claims submitted to them by consent does not offend the separation of powers so long as Article III courts retain supervisory authority over the process." *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 678 (2015). Since an Article III court cannot entertain a moot case, directly or on appeal, permitting bankruptcy courts to hear moot cases would create a

1

paradigm where district courts, courts of appeal, and the Supreme Court are stripped of their "supervisory authority over the process."

The holding concerning the ability of bankruptcy courts to hear moot cases is in direct conflict with the opinions of at least five other circuit courts:

- *Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990) ("They cite no authority for their unique proposition that the bankruptcy court in the first instance would have the power to decide as an academic matter whether certain property constitutes property of a bankrupt estate. TRS submits that such a declaratory action would violate the case and controversy requirement of the Constitution. We agree.");

- *In re China Peacock Rest.*, 867 F.2d 612 (9th Cir. 1989) ("The bankruptcy petition and subsequent rejection of the lease have eliminated the present, live controversy required for federal jurisdiction. Once China Peacock rejected the lease, the bankruptcy court could not grant the relief requested.");

- *In re Rosenfeld*, 698 Fed. Appx. 300, 303 (6th Cir. 2017) ("…the case-or-controversy requirements of Article III apply to adversary

proceedings brought in bankruptcy courts, even though bankruptcy courts are not Article III courts themselves.");

- *Kalil v. Utica City Sch. Dist.*, 301 Fed. Appx. 29, 30 (2d Cir. 2008) ("The bankruptcy court concluded correctly that the adversary proceeding was rendered moot by dismissal of the underlying Chapter 7 petition."); and

- *In re Williams*, 226 Fed. Appx. 384, 387 (5th Cir. 2007) (upholding the sanction of a lawyer for filing a moot case in a bankruptcy court).

*Second*, the jurisdiction of bankruptcy courts is narrowly confined to matters referred by Article III courts, with bankruptcy courts being units of the district courts in which they serve. 28 U.S.C. § 151. Bankruptcy judges "'serve as judicial officers of the United States district court,' and collectively 'constitute a unit of the district court' for that district. Just as '[t]he 'ultimate decision' whether to invoke [a] magistrate [judge]'s assistance is made by the district court,' bankruptcy courts hear matters solely on a district court's reference, which the district court may withdraw *sua sponte* or at the request of a party.'" *Wellness Int'l Network*,

575 U.S. at 679 (quoting 28 U.S.C. §§ 151, 152, 157; *Peretz v. United States*, 501 U.S. 923, 937 (1991)).

However, this delicate regime necessitates that bankruptcy judges not be permitted to hear matters beyond the constitutional purview of the district courts of which they are a derivative unit. A district court cannot *sua sponte* withdraw its reference as to a moot matter, nor may a district court do so at the request of a party, because a district court cannot entertain a moot matter. The whole jurisdiction of bankruptcy courts is statutorily vested in district courts and, by those district courts, referred to bankruptcy courts. 28 U.S.C. § 1334; 28 U.S.C. § 157. Permitting bankruptcy courts to adjudicate matters that do not relate to an extant case or controversy would be to allow district courts to refer a power greater than the power district courts, themselves, actually possess.

## V.  Background

The underlying case concerns the allegations of Roee and Adiel Kiviti ("Messrs. Kiviti" or the "Appellants") that Naveen Bhatt ("Mr. Bhatt" or the "Appellee") performed work on their house, in the District of Columbia, without proper licensure as a residential contractor, and is

4

thusly liable in a sum equal to the monies he was paid. J.A. 8-14. When Mr. Bhatt sought bankruptcy protection, Messrs. Kiviti filed a two count adversary complaint to (i) liquidate the amount of the debtor's obligation to them; and (ii) declare that obligation non-dischargeable under Title 11 of the United States Code (the "Bankruptcy Code"). *Id.*

The United States Bankruptcy Court for the Eastern District of Virginia dismissed the non-dischargeability count of Messrs. Kiviti's complaint but left intact the count seeking liquidation of Mr. Bhatt's debt. J.A. 56-58. This left the parties in the tenuous position of litigating a moot matter, inasmuch as a discharged judgment advances no tangible or pecuniary interest. The parties thusly stipulated to dismiss the remaining cause of action, without prejudice, so as to facilitate an appeal of the bankruptcy court's dismissal of the non-dischargeability claim. J.A. 62-64.

Under this Court's precedent, such a maneuver to obtain appellate jurisdiction is permitted so long as the claim being dismissed is legally "doomed." *Affinity Living Group, LLC v. StarStone Specialty Ins. Co.*, 959 F.3d 634, 638–39 (4th Cir. 2020). Messrs. Kiviti assert that their remaining cause of action was "doomed" because the bankruptcy court

could not adjudicate a moot matter, rendering the case below "legally over." *Id.* at 639.

The panel in this case did not disagree that the bankruptcy court's order rendered Messrs. Kiviti's surviving cause of action moot. *Kiviti v. Bhatt*, — F.4th ——, 2023 WL 5963612 (4th Cir. 2023). The panel, however, held that (i) since bankruptcy courts are not Article III courts, and (ii) mootness is a byproduct of the Article III case or controversy doctrine, then (iii) bankruptcy courts "can constitutionally adjudicate cases that would be moot if heard in an Article III court." *Id.* at *6. The panel accordingly found appellate jurisdiction to be lacking under the *Affinity Living Group* standard. *Id.* at *10.

## VI.    Argument: *En Banc* Review is Appropriate to Address a Substantive Conflict with Supreme Court Precedent and a Jurisdictional Issue of Exceptional Importance

### a. Permitting Bankruptcy Courts to Entertain Moot Cases Substantively Conflicts with Supreme Court Precedent Concerning Article III Supervisory Authority and is Contra to the Holdings of Other Circuit Courts

The panel's holding does not reconcile with Supreme Court precedent requiring bankruptcy courts to be subject to the supervisory powers of district courts, inasmuch as a district court cannot exercise supervision over a moot matter. The opinion also conflicts with the

6

precedent of other circuit courts that have held bankruptcy courts may not entertain proceedings noncompliant with the constitutional mandate of a "case" or "controversy." U.S. Const., Art. III, § 2. The panel does not cite – and there does not appear to be – any precedent, nationwide, for the proposition that a bankruptcy court may consider a moot matter, and it is accordingly appropriate for this case to be reheard *en banc*.

As recently as 2015, the Supreme Court addressed the fragile relationship between Article I bankruptcy courts and Article III judicial powers, in consideration of an appeal from an adversary proceeding, much like that *sub judice*, challenging a debtor's right to receive a discharge. In *Wellness Int'l Network*, the debtor asserted the bankruptcy court to lack "constitutional authority to enter final judgment" on at least one civil cause of action. *Wellness Int'l Network*, 575 U.S. at 674. The Supreme Court, in turn, held that "allowing Article I adjudicators to decide claims submitted to them by consent does not offend the separation of powers so long as Article III courts retain supervisory authority over the process." *Wellness Int'l Network*, 575 U.S. at 678.

A bankruptcy court's entertainment of a moot case would offend the existence of the "supervisory authority" mandated by the *Wellness Int'l*

*Network* Court. A district court cannot constitutionally consider the merits of a matter that was moot *either* at the time of trial *or* at the time of appeal. *See, e.g.*, *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.' No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'") (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Alvarez v. Smith*, 558 U.S. 87, 93 (2009)); *Com. of Va. ex rel. Coleman v. Califano*, 631 F.2d 324, 326 (4th Cir. 1980) ("Federal courts have no jurisdiction to decide moot cases because of the case or controversy requirement of Article III of the Constitution. 'Federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them.'") (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971))); *Grutzmacher v. Howard Cnty.*, 851 F.3d 332, 349 (4th Cir. 2017) ("…the district court properly dismissed Plaintiff's third-party facial

challenge as moot."); *Eden, LLC v. Justice*, 36 F.4th 166, 169 (4th Cir. 2022) ("On appeal, the Governor argues that this case has become moot, and we agree. … As a result, we vacate the district court's judgment and remand with instructions to dismiss the case as moot.").[1]

Other circuit courts have held, seemingly uniformly, that bankruptcy courts are without the ability to entertain moot cases or controversies. The Seventh Circuit has found that a bankruptcy court's adjudication of a moot matter "would violate the case and controversy requirement of the Constitution." *Matter of Perkins*, 902 F.2d at 1258 (citing U.S. Const., Art. III, § 2). The Sixth Circuit, in reviewing a bankruptcy court's finding that jurisdiction was lacking to consider a moot adversary proceeding concerning a debtor's discharge, has held, "the case-or-controversy requirements of Article III apply to adversary proceedings brought in bankruptcy courts, even though bankruptcy courts are not Article III courts themselves." *In re Rosenfeld*, 698 Fed. Appx. at 303 (citing *Stevenson v. J.C. Bradford & Co. (In re Cannon)*, 277

---

[1] An appellate court can, of course, review the mootness determination of a lower court, *S.C. Coastal Conservation League v. U.S. Army Corps of Engineers*, 789 F.3d 475, 482 (4th Cir. 2015), but such is fundamentally different than reviewing the merits of a matter passed upon by a lower court in light of a mootness determination.

F.3d 838, 852–54 (6th Cir. 2002))). The Second Circuit has upheld the dismissal of an adversary proceeding on the basis of mootness. *Kalil v. Utica City Sch. Dist.*, 301 Fed. Appx. at 30. The Ninth Circuit has opined that a bankruptcy court "could not grant the relief requested" once a case was stripped of "the present, live controversy required for federal jurisdiction." *In re China Peacock Rest.*, 867 F.2d 612 (citing *Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986); *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 853–54 (9th Cir. 1985)). And the Fifth Circuit has upheld a bankruptcy court's order sanctioning an attorney for filing an adversary complaint that was moot. *In re Williams*, 226 Fed. Appx. at 387 (citing *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004)).

The panel's opinion in this case accordingly stands in pragmatic conflict with the Supreme Court's holding in *Wellness Int'l Network* and actual conflict with the holdings of at least five other circuit courts. There does not appear to be any precedent for the proposition that a bankruptcy court is permitted to proceed to trial on a moot adversary proceeding and, to the contrary, such an endeavor would seemingly place the bankruptcy court's actions outside the supervisory purview of the district court.

10

Equally, circuit-level case law supports the proposition that bankruptcy courts, sitting as federal courts, are not permitted to hear moot cases that, definitionally, are beyond the federal jurisdiction.

> **b. Permitting Bankruptcy Courts to Entertain Matters that Cannot be Withdrawn by District Courts Conflicts with Supreme Court Precedent, the Holdings of Other Circuit Courts, and Title 28 of the United States Code**

While the United States Code provides that cases may be referred to bankruptcy judges, no statutory or constitutional provision actually affords bankruptcy judges any caseload whatsoever. Rather, cases are referred by district courts, to bankruptcy courts, per a discretionary mechanism set forth in Title 28. And while that mechanism has become *de facto* automatic by way of a series of standing orders of referral, the legality of those referrals still turns on maintenance of three coexistent realities: (i) district courts have original jurisdiction over bankruptcy cases; (ii) district courts may refer such matters to bankruptcy courts; and (iii) district courts may withdraw that reference – *sua sponte* or at the request of a party in interest – at any time. The panel's opinion, however, creates a paradigm that would frustrate these three legally-required realities.

11

It is the district courts that "have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). The district courts equally enjoy "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). In exercising that jurisdiction, "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

The referrals that occur pursuant to the foregoing mechanism are analogous to the referrals through which magistrate judges exercise jurisdiction over suits brought in the district courts:

> Bankruptcy judges, like magistrate judges, "are appointed and subject to removal by Article III judges." They "serve as judicial officers of the United States district court," and collectively "constitute a unit of the district court" for that district. Just as "[t]he 'ultimate decision' whether to invoke [a] magistrate [judge]'s assistance is made by the district court," bankruptcy courts hear matters solely on a district court's reference, which the district court may withdraw *sua sponte* or at the request of a party.

*Wellness Int'l Network*, 575 U.S. at 679 (quoting 28 U.S.C. §§ 151, 152, 157; *Peretz*, 501 U.S. at 937).

12

The notion that cases begin in the district courts, and may have their reference recalled by the district court at any time, is critical to the delicate mechanism through which bankruptcy judges are able to adjudicate matters without offending constitutional separation of powers principles. The Ninth Circuit has analogized this construct to the use of magistrate judges: "Allowing magistrate judges 'to decide claims submitted to them by consent' thus preserves the separation of powers between the legislative and judicial branches 'so long as Article III courts retain supervisory authority over the process.'" *Ashker v. Newsom*, 968 F.3d 975, 981 (9th Cir. 2020) (quoting *Wellness Int'l Network, Ltd.*, 575 U.S. at 678).

If bankruptcy courts are able to adjudicate moot cases, the preservation of the separation of powers risks erosion, as bankruptcy courts will be able to address matters necessarily beyond the scope of district courts' referral, for which district courts cannot withdraw that referral. Since a district court cannot hear a moot case either directly or on appeal, *Already, LLC*, 568 U.S. at 91, district courts also cannot (i) refer a moot case to a bankruptcy court; (ii) withdraw the reference of a

moot case to a bankruptcy court; or (iii) review a bankruptcy court's adjudication of a moot case.

Similarly, since the whole of a bankruptcy court's docket emanates from the referral mechanism set forth in Section 157 of Title 28, a bankruptcy court is without any judicial power except for that referred by a district court. Bankruptcy courts do not enjoy independent authority under any statutory provision, nor have they been so imbued with authority pursuant to any applicable case law. This is why bankruptcy courts are properly characterized as "units" of district courts, *Wellness Int'l Network*, 575 U.S. at 679; but for the referral of cases from district courts, bankruptcy courts would be without any function whatsoever.

As noted by Professor Kenneth Klee, former Associate Counsel to the Committee on Judiciary of the House of Representatives, and one of the principal draftsmen of the Bankruptcy Code, in analysis of the panel's opinion in this case, "[b]ecause the bankruptcy court is not actually a court at all but is a unit of the United States District Court, it is inconceivable to me that the jurisdiction of a non-tenured judge could be greater than that of a tenured judge. The jurisdiction is derivative." American Bankruptcy Institute, *Fourth Circuit: Bankruptcy Courts*

14

*Aren't Bound by Article III's Case or Controversy Requirements*, Rochelle's Daily Wire (Sep. 19, 2023).[2]

If a bankruptcy court conducts only that business referred by a district court, that business is necessarily derivative of – and coterminous with – the jurisdictional reaches of the referring district court. A district court can no more refer a bankruptcy court a case, with leave to entertain the controversy even once moot, than a district court can charge a magistrate judge with the adjudication of a political question, a non-diverse suit devoid of a federal question, or a fully diverse suit where the amount in controversy is less than $75,000.00. *See McDaniel v. Blust*, 668 F.3d 153, 156 (4th Cir. 2012) (upholding a district court's adoption of a magistrate judge's report and recommendation that a case be dismissed for lack of subject matter jurisdiction where a litigant brought suit against a bankruptcy trustee without first complying with the rigors of *Barton v. Barbour*, 104 U.S. 126 (1881)).

Statutorily and constitutionally, bankruptcy courts are grantees, vested with the cases bestowed by district courts as grantors. The panel's

---

[2]   *Available    at*    https://abi.org/newsroom/daily-wire/fourth-circuit-bankruptcy-courts-aren%E2%80%99t-bound-by-article-iii%E2%80%99s-case-or.

15

ruling is dependent upon a grantee being capable of receiving something more than what a grantor has to give, since district courts have no power to adjudicate moot cases and thusly lack the ability to bestow such a power upon their wholly-derivative statutory "units." In this regard, the panel's holding is errant, and an *en banc* rehearing is appropriate.

## VII.  Conclusion

Bankruptcy law, as a matter of constitutional necessity, is purely federal in nature. U.S. Const., Art. I, § 8. Whether as debtors, creditors, or other parties in interest, citizens are far more likely to encounter a bankruptcy court than to find their personal interests pending before any other federal court. And both Congress and the Supreme Court have, accordingly, worked to strike a delicate balance between the Article I judges who oversee bankruptcy cases and the Article III judges who wield constitutional judicial power. *See N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982); *Stern v. Marshall*, 564 U.S. 462 (2011); *Wellness Int'l Network*, 575 U.S. 665.

At core, the "exceptional importance," Fed. R. App. P. 35(a)(2), of the panel opinion is not that Messrs. Kiviti cannot pursue a dischargeability action against Mr. Bhatt. The wide-reaching import,

16

rather, is that the panel opinion upends the aforementioned delicate balance between Article I bankruptcy judges and Article III district judges. The immediate impact – denial of appellate jurisdiction under *Affinity Living Group* – may seem slight. The broader impact, though, is assuredly more seismic: the panel – in a holding without precedent nationally – has, for the first time, indicated that bankruptcy courts are unmoored to the case or controversy requirements of Article III courts, while hearing cases referred by Article III courts. Such a profound holding is meritorious of *en banc* review.

WHEREFORE, Messrs. Kiviti respectfully pray this Honorable Court (i) rehear this case *en banc*; (ii) reverse the order of the district court; (iii) remand this case to the district court with instructions to vacate the order of the bankruptcy court and remand this matter to the bankruptcy court so litigation may proceed on the claim for nondischargeability; and (iv) afford such other and further relief as may be just and proper.

17

Respectfully submitted,

By: /s/ Maurice B. VerStandig
    Maurice B. VerStandig, Esq.
    THE VERSTANDIG LAW FIRM, LLC
    1452 W. Horizon Ridge Pkwy #665
    Henderson, Nevada 89012
    Phone: (301) 444-4600
    Facsimile: (301) 444-4600
    mac@mbvesq.com
    *Counsel for the Appellants*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments), this brief contains 3,522 words, and has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 19, 2023, I electronically filed the foregoing Petition for Rehearing *En Banc* with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. All participants in this case are registered CM/ECF users and service is accomplished by the appellate CM/ECF system.

<u>/s/ Maurice B. VerStandig</u>
Maurice B. VerStandig, Esq.